Case 2:10-cv-01260-PM-CMH Document 79 Filed 09/29/11 Page 1 of 6 PageID #: 4174

RECEIVED
IN LAKE CHARLES, LA

SEP 29 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| In re: SHAREHOLDERS OF R.E. HEIDT CONSTRUCTION COMPANY, INC. | : | DOCKET NO. 2:10 CV1260 |
| VS. | : | JUDGE MINALDI |
| TED W. PRICE, JR., et al. | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the Court is a Motion to Stay Pending Appeal, filed by the defendant, Continental Casualty Company ("Continental") [Doc. 72. The plaintiff, R.E. Heidt Construction Company ("the Company" or "Heidt") filed an Opposition [Doc. 73]. Another Motion, a Motion for Leave to File a Reply in Support of its Motion to Stay, was also filed by Continental [Doc. 74], and will be granted.

## BACKGROUND

On May 13, 2011, this Court issued an Order remanding all claims to state court. At that time, only one claim remained: a state law claim between the Company and Continental, two diverse parties. Suffice it to say, there have been a number of pleadings filed in this case, which this Court outlined earlier. [R. Doc. 67]. This Court will briefly summarize the relevant background details.

The original plaintiff filed this lawsuit on April 15, 2009, asserting only state law claims against non-diverse defendants and eventually a diverse defendant as well. Later on July 23, 2010, the original plaintiff amended his lawsuit to allege improper termination of employee retirement benefits. This implicated federal law, specifically the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. So the defendants, led by Continental, timely and properly removed this lawsuit to federal court, asserting federal question jurisdiction. The

1

defendants could not assert diversity jurisdiction because (1) diversity did not exist at the time of removal, and (2) even if it had, the removal statute barred removal on diversity grounds, as over one year had passed since the lawsuit commenced. 28 U.S.C. § 1446(b). The plaintiff filed a Motion to Remand, which the Magistrate Judge granted in part and denied in part. [R. Doc. 50]. The Magistrate Judge found that the Non-ERISA claims were separate and independent claims in which state law predominates, and thus remanded all the state law claims pursuant to 28 U.S.C. § 1441(c).

Continental timely appealed the Magistrate Judge's ruling. Meanwhile, the plaintiffs agreed to settle all of their claims against all of the parties except Continental. This resulted in the dismissal of the plaintiffs ERISA claim. This Court approved the settlement, and dismissed those claims with prejudice. [R. Doc. 66]. Hence, the only remaining claims are between diverse parties. [R. Doc. 61].

On review, this Court found that the Magistrate Judge properly remanded the state law claims under 28 U.S.C. § 1441(c). Continental apparently does not challenge this ruling. Instead, it asserts that diversity jurisdiction existed at the time this Court remanded the action to state court. This court agrees that jurisdiction existed at the time it remanded the state law claims, but jurisdiction was founded on federal question jurisdiction, not diversity jurisdiction. When this Court dismissed the ERISA claim, it dismissed the only claim over which it could properly exercise original jurisdiction due to the time limitations in the removal statute. 28 U.S.C. § 1367(c) & 1446(b); *see, e.g., Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988). Continental appeals this decision, and seeks a stay of the remand order pending a resolution of the appeal. [R. Doc. 72].

## LAW & ANALYSIS

Under Rule 62(c) of the Federal Rules of Civil Procedure, a district court may, in its discretion, stay any interlocutory order, including one remanding the case to state court, pending

an appeal. Courts utilize a "balance of equities approach," and consider four factors: (1) the likelihood of success on the merits of the appeal; (2) the injury to the party seeking a stay if the stay is not granted; (3) the harm to the opposing party in granting the stay; (4) and the public interest served by granting a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Continental contends that "[c]aselaw reveals that there is a strong basis for reversal of the Remand Order on appeal." [R. Doc. 72-1]. This Court disagrees that there is a strong basis for reversal, but agrees that the issue for appeal raises the possibility of reversal.

Whether original jurisdiction exists is governed either at the time the original petition is filed in federal court, if the case was originally brought in federal court, *Grupo Dataflux v. Atlas Global Group L.P.*, 541 U.S. 567, 570-71 (2004) (citing *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)), or, if the case is one removed from state to federal court, at the time of removal. *See, e.g., Jackson v. Allen*, 132 U.S. 27 (1889). This at-the-time-of-removal rule generally applies to determinations of the parties' citizenship. Thus, a party who changes his citizenship during the course of litigation does not affect the court's jurisdiction over the lawsuit. *See Grupo Dataflux*, 541 U.S. 570-71; *Seafoam, Inc. v. Barrier Systems, Inc.*, 830 F.2d 62, 66 (5th Cir. 1987). But it also applies broadly to all removed cases. To remove a case based solely on diversity jurisdiction, diversity must exist at the time of removal. Otherwise, the federal court lacks jurisdiction. However, an issue arises, as it does here, when a post removal pleading amendment or voluntary dismissal invokes a separate, independent basis for a federal court's exercise of subject matter jurisdiction. Courts generally have held that these actions provide separate grounds for federal courts to exercise subject matter jurisdiction.

For example, in *Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006), a diverse defendant removed a diverse plaintiff's lawsuit to federal court, relying on federal question jurisdiction, but at the time of removal, and definitely at the time the plaintiff filed his motion to remand, the complaint provided an independent basis for jurisdiction, namely diversity

3

jurisdiction. Noting that the plaintiff failed to include diversity jurisdiction as a basis for removal in its notice of removal, the district court remanded the action. The Ninth Circuit reversed. First, it noted that the original complaint supported diversity jurisdiction. *Id.* at 977, n. 1. Because "[t]he civil removal statute, unlike the removal statute for criminal cases, has no requirement that all grounds for removal be listed in the notice," the defendant was not required to include diversity jurisdiction in its notice of removal. "Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice."

Next, the court held that "[a]ny post-removal pleadings must be treated just as they would be in a case originally filed in federal court." In broad language, the Ninth Circuit explained that where an amended complaint presents and independent jurisdictional basis for state law claims, the district court "has 'a virtually unflagging obligation' to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and *duly invoked by litigants.*" *Id.* (emphasis added). Because the amended complaint raised an independent basis for federal question jurisdiction, namely diversity jurisdiction, the district court was obligated to exercise jurisdiction.

Likewise, in *Weber v. GE Group Life Assurance Co.*, the plaintiff challenged the courts subject matter jurisdiction, arguing that a safe harbor prevented removal based on a federal question and further asserting that, at the time of removal, the parties were not diverse in citizenship. 541 F.3d 1002, 1008-09 (10th Cir. 2008). In that case, the defendants removed the plaintiff's lawsuit to federal court shortly after the plaintiff filed his complaint, asserting that the plaintiff's complaint raised a federal question. After the plaintiff filed a motion to remand, he settled his claims with all non-diverse defendants, leaving only diverse parties and a matter in controversy that exceeded $75,000. The Tenth Circuit held that the district court properly exercised subject matter jurisdiction. The court reasoned that even if federal question jurisdiction did not exist, the district court could exercise diversity jurisdiction. Although it noted that "all

4

challenges to subject-matter jurisdiction premised upon diversity" must be measured "against the state of facts that existed at the time of filing," jurisdictional defects may nevertheless be cured by dismissing a dispensable nondiverse party." *Id.* (quoting *Grupo Dataflux*, 541 U.S. at 571, citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).

This case is not "virtually identical to both *Williams* and *Weber*. [R. Doc. 72-1]. In those cases, the removal statute did not bar removal based on diversity jurisdiction. 28 U.S.C. § 1446(b). Here, at the time of removal, this Court could not exercise original jurisdiction based on diversity of citizenship. While original jurisdiction exists, and continues to exist, based on federal question jurisdiction over the now-dismissed ERISA claim, this court could only exercise supplemental jurisdiction over the state law claims, including the remaining state law claim against Continental. *See* 28 U.S.C. § 1367. Once the federal question was dismissed, only supplemental state law claims remained. *Id.*

Continental, nevertheless, contends that diversity jurisdiction exists at the time of remand. Specifically, it claims that whether or not diversity jurisdiction existed at the time of removal is of little consequence, since the district court has "'a virtually unflagging obligation' to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly invoked by the litigants." [R. Doc. 74].

However, Continental may not "duly invoke" diversity jurisdiction if the removal statute bars the federal court from exercising diversity jurisdiction. After all, the plaintiff is master of the complaint, and, subject to limited exceptions, he chooses the forum of his lawsuit. While the defendant is afforded the right to remove a case to federal court based on the removal statute, the coordinate branches of government have limited this right when diversity jurisdiction is at issue (i.e., when only a state law claim is present). *See* 28 U.S.C. § 1446(b). Because diversity jurisdiction intrudes on the right of state courts to decide their own controversies, both the diversity statute and the removal statute must be strictly construed against federal subject matter

5

jurisdiction. *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941) (diversity jurisdiction); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10-12 (removal). To hold that a federal court should continue to exercise jurisdiction in an action asserting only state law claims because diversity jurisdiction now exists, when the removal statute prevented the court from earlier exercising diversity jurisdiction, would contravene the Congressional intent behind the removal statute and Article III of the United States Constitution. Thus, this Court finds that the first factor does not weigh in favor of Continental.

The remaining factors also weigh against granting a stay. A stay will only prolong this litigation, *Arnold v. Garlock, Inc.*, 278 F.2d 426 (5th Cir. 2001), while the appeal does not seek clarification of the substantive rights affected by the state law at issue. Continental appeals in order to have the case litigated in federal rather than a state court. Because federal courts apply the substantive state law of the state in which it sits, *Erie R.R. v. Tompkins*, 304 U.S. 64, 69-78 (1938), there is little prejudice in having a state court hear a state law claim. Accordingly, it is

ORDERED that Continental's Motion for a Stay Pending Appeal is DENIED;

IT IS FURTHER ORDERED that Continental's Request for Leave to file its Reply is GRANTED.

Lake Charles, Louisiana, this 27 day of September 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

6